[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: PLAINTIFF'S MOTION TO REOPEN HEARING FOR FURTHER EVIDENCE (181)
On June 22, 1993, the plaintiff, pro se, the defendant with his counsel and Attorney C. Sullivan, court appointed lawyer for the three children, were all before the court. The court's order entered May 24th regarding return of the Family Relations CT Page 10649 Officer's report to the F.R.O. office for a determination if any changes occurred that would impact custody presented the latest problem to the progress of the post-judgment custody modification motion being pressed by the defendant. Counsel for the defendant professed lack of sufficient notice of the plaintiff's contemplated move to Florida with the children as it was commented upon in the update prepared by the F.R.O. The defendant's counsel asked the court to abide by its original order to family relations that the court and parties first be told if an update is warranted and then have the court determine if an updated study is warranted. After further discussion the court recessed the hearing until July 30 with comments by the court:
 ". . . for a status and if Mrs. Keet is in Florida, notify both counsel that you're in Florida and we'll have to deal with that on the basis of when you're going to be back from Florida." (Transcript, p. 16)
The matter was taken up on July 30 by the court:
 "Nothing is held for today, just to establish the status, primarily, status to find out if Mrs. Keet had, in fact gone to Florida. And, I gather she has."
(Transcript, p. 2)
The pro se plaintiff was not present in the courtroom on July 30. After discussion, it was determined that several newly filed motions of the defendant would print on the August 9 calendar and that the plaintiff had provided a new appearance with her Florida address. The court concluded that the plaintiff would receive the August 9 calendar in due course. This hearing was then concluded.
This matter was taken up at the August 9 calendar to address the defendant's motions. The court directed defendant's counsel and the children's counsel to draft an appropriate order that the defendant could carry to Florida to assist him in enforcing his two (2) week summer vacation with his children. The defendant's other motions were postponed.
The defendant's counsel stated
MR. DANIELS: May I make a final suggestion, with CT Page 10650 respect to another date. I would suggest, your Honor, subject to everyone's approval, that a date in September that would be akin to status conference and completion of any outstanding discovery by that time would be appropriate. And if depositions are to be taken, they'd be taken around that particular date, and then we would get a final completion date for the trial.
 THE COURT: Do you have an intention of taking a deposition of —
 MR. DANIELS: Currently, we do, your Honor. That may change as we continue to gather evidence, but right now it is our belief that we will have to take a deposition.
(Transcript, p. 15)
With counsel the court then scheduled September 22nd for Keet as follows:
MR. DANIELS: Tuesday would be better.
MS. SULLIVAN: Tuesday is fine, your Honor.
 THE COURT: All right. Will you communicate with Mrs. Keet, maybe by —
MS. SULLIVAN: Yes, your Honor.
THE COURT: — letter or whatever?
 MS. SULLIVAN: I'll do both. I would just indicate the status conference is probably a good idea because she's already mentioned to me that she would be unavailable unless it was a one of the kid's vacation time. And I've indicated to her that most likely we would be looking at the end of September for a trial to begin or the early part of October. So a status conference would probably be best so that we could be assured she'll be here.
THE COURT: All right? CT Page 10651
MR. DANIELS: I'm sorry, I didn't hear the date.
 THE COURT: We're going to hold that week open. We're tentatively putting it down for Tuesday, the — what I say? — the 21st?
THE CLERK: Yes.
 THE COURT: Tuesday, the 21st, 10:00 A.M., for Keet v. Keet.
 MR. DANIELS: Well, your Honor, on the 21st, there's a long time scheduled arbitration involving six — five lawyers, on the 21st. Can we do it on the 22nd?
 THE COURT: All right. Let's try the 22nd. There's nothing magic about that. And, as a fallback position, I'm suggesting maybe Friday, the 24th, if that makes any more sense. I don't know.
 MR. DANIELS: Okay. And that will be for a status?
 THE COURT: It will be for whatever we can handle on that day, all right? I'm not sure what we have because we always have something new in this case. Whatever we have. I mean, we'll deal with the dynamics of the case, that's all. That's the best I can do.
(Transcript, pp. 15-17)
As requested, Attorney Sullivan wrote to the plaintiff on the same day, forwarding a copy of the visitation order and concluded the letter by stating
 "The next hearing for status purposes is scheduled for September 22, 1993. At that time, the parties and the court should be in a better position to determine when the final hearing should take place."
(Plaintiff's Exhibit B for 11/22/93)
The defendant and his attorney appeared at the August 20, 1993 limited cases calendar call to monitor the two week CT Page 10652 visitation order. The defendant's attorney and the court then engaged in the following exchange:
 MR. DANIELS: And with respect to the September 22nd date. I have a copy of a letter from Chris Sullivan that was sent earlier. It was her understanding and mine that September 22 was more in the form of a status conference to see where we were going with the case.
 The Court may recall that there will be some discovery procedures that we contemplate going through because of the move to Florida. And it was our belief that the September 22nd, was not a firm trial date but more in the form of a status and for wrapping up all of the discovery and other odds and ends, including the motion.
 THE COURT: Well, you may be correct. I don't carry all this around in my head.
MR. DANIELS: I know.
 THE COURT: If that's the case, then finish your discovery and we're not going to resume the hearing on the merits until you're ready to proceed.
 MR. DANIELS: But, it was my understanding that the 22nd would at least be a status conference where all the parties and lawyers would be here in order to agree on the continuation of the matter.
 THE COURT: Well, as a practical matter, I don't know what the 22nd is at this point. I'll have to go back and see exactly what I said. That was on August 9th that I put it on the record, apparently. I don't know what I said.
MR. DANIELS: Okay.
 THE COURT: That's why we have a court reporter. We'll find out what I said.
MR. DANIELS: Okay. CT Page 10653
 THE COURT: And if I have to clarify that earlier order, I will. But, I'm going to give Mrs. Keet the opportunity to come up to be here and to defend herself from the allegations of contempt.
 MR. DANIELS: May I, at least, request the Court then that on — that at the very least, the outstanding motions be heard on the 22nd, and that she be given notice of that.
 THE COURT: I'll take that under advisement. I want to go back and see what I said before today about the 22nd, and if I need clarification or further order, I will attend to that.
MR. DANIELS: Thank you, your Honor.
THE COURT: All right.
MR. KEET: Thank you.
On August 16, 1993, a computer generated scheduling order was sent stating the case was scheduled for "trial on 09/22/93 at 10 A.M." The format used was identical to the notice sent to counsel when a case is scheduled for trial to commence.
On September 8, 1993, the Temporary Assistant Clerk who had been assigned to the family judge wrote to the plaintiff, inter alia, as follows:
 First — The date of 9/22/93 is for status purposes — All counsel (C. Sullivan D. Daniels) have stated they believe that to be the case.
(Plaintiff's Exhibit A for 11/22/93)
Unfortunately, no copy of this letter was sent to either counsel of record nor was the court aware of it.
In opening remarks the court stated, inter alia, on September 22, 1993:
 I don't want to foreclose you counsel, Attorney Daniels, you are certainly entitled to develop any additional, new information in light of Mrs. Keet's move to Florida that you wish to put in the record. CT Page 10654 But, by the same token I would like to bring this to a conclusion. I want to give Mrs. Keet a court date. I want to give her reasonable notice. She can plan to come up and we will finish the hearing and address any other motions at the same time. I think that would be the general outline of what I have in mind.
(Transcript, p. 6)
Relying on the computer notice, the court then proceeded to conclude the hearing in the absence of the plaintiff.
After reviewing the record which is summarized above, the court has concluded that the computer notice of 8/16/93 did not accurately reflect the court's intention which was to hold a status hearing on September 22, 1993, as borne out by the court's remarks quoted above, as well as by Attorney Sullivan's letter to the plaintiff.
The court has concluded that the plaintiff received conflicting notices from the clerk's office and was not culpably in default for failing to appear at what she thought was a status hearing.
The plaintiff's motion is granted and the hearing is reopened.
/s/ Harrigan HARRIGAN, J.